Mr. Chief Justice Sharkey
delivered the opinion of the Court.
The plaintiff brought, this action of ejectment to recover several lots of land in the town of Brandon, which had been sold at sheriff’s sale as the property of the Mississippi and Alabama Railroad Company. The plaintiff introduced the judgment in favor of the Real Estate Banking Company of Columbus, and also the execution and sheriff’s return. He then offered to read a deed from Shelton to the Mississippi and Alabama Railroad Company for part of the lots, and also one from Hargis for the others. A deed from the sheriff of Rankin County to Richard Evans the purchaser, and a deed from Evans to Cocke, were also offered in evidence. To the admissibility of these several deeds the defendant made the following objections, to wit.
*777 First, “ That the Mississippi and Alabama Railroad Company could not purchase or own lands for the purpose of a banking-house, or for any other purpose, except those mentioned in the charter.”
Second, “ That the returns of the sheriff did not, nor did said deed from the sheriff show legal advertisement, nor what estate was sold or conveyed, whether an estate for years, for life, or in fee.”
Third, <£ That it did not appear by said sheriff’s deed and levy, that the Mississippi and Alabama Railroad Company had such a title as could pass by sheriff’s deed.”
Fourth, “ That under the circumstances above stated, no valid sale of the premises by the sheriff had taken place, and that the said Richard Evans thus purchasing, acquired no valid title to the said premises.” The Court decided that these objections were well taken, and refused to permit the deeds to be read in evid’ence ; and the correctness of this decision is now the matter to be determined.
First. By the charter it is declared that the ££ Company shall be capable in law of purchasing, accepting, holding, selling, leasing, and conveying estates, real, personal and mixed, to the end and for the purpose of erecting a railroad from, &c. and for the purposes hereinafter, mentioned and by the 23d section, power was conferred of selecting a suitable place for a banking-house. These provisions are certainly broad enough to entitle the corporation to hold real estate for the purpose of erecting thereon the bank buildings. But for anything that appears in the record, the lots sold by the sheriff may have been necessary for railroad purposes.
Second. It is next insisted, that neither the return of the sheriff nor his deed,.show legal advertisement, nor what estate was sold or conveyed. Admitting that it was incumbent on the plaintiff to prove that the sheriff had advertised according to law, still we are satisfied that this fact is susceptible of proof by other means than the return or the deed. The advertisement is a'matter in pais, and it was competent to prove it by parol or by introducing the advertisements. But this objection is not sustained by the record ; the deed does recite the levy, and that the property levied on had been advertised for thirty days. If a recital can prove anything, it proves *778 in this instance, the advertisement of the time and place of sale for thirty days, and that the sale actually took place. Was it necessary that the return of the sheriff should have shown what estate or interest was sold ? The deed conveys to the purchaser an estate in fee, and if that is to be taken in connection with the return, it does appear what estate was sold. The return of the sheriff was admitted without objection ; its legal sufficiency is therefore the only thing that can now be questioned. The authorities introduced in support of the position that the sheriff’s return must specify the quantity of interest, or the estate sold, are very unsatisfactory in settling any principle which can be applicable in the present case. The case of Wolford v. Phelps, 2 J. J. Marshall, 31, was a bill filed by a purchaser at sheriff sale, to get relief from his bonds given for thc purchase-money. The land sold was subject to a mortgage ; and the mortgagee, who was also the execution creditor, was present at the sale, and remained silent as to his mortgagee lien ; and the Court held that this was a fraud upon the purchaser, and refused to permit him to coerce payment of the bonds. The Court did say that the sheriff ought to discriminate in his return between a sale of the absolute tille and a mere equity of redemption ; but the Court did not say that for want of such discrimination, his sale was either void or voidable. The statutes of Kentucky seem to have had a bearing in this decision, and it may therefore be considered in a great degtee as inapplicable. But even here it might be said with great propriety, that when mortgaged land is' levied on the sheriff should discriminate, for this reason ; the equity^of redemption is a thing wholly different from the unconditional title, and assuming that an equity of redemption is the subject of a levy, it could only be levied on and sold as an equity of redemption. But I know of no rule or principle which requires a sheriff to return that he did not levy on an equity of redemption, but on the fee. In the case of Simonds v. Catlin, 2 Caines, Rep. 61, the sheriff returned that he had sold all that tract of land in the town of Pompey, in said county, in the occupancy of the defendant. The Court were of opinion that a more definite description of the situation and1 amount of the land, and of the quantity of the defendant’s interest therein, ought to have been stated. The great objection seems to have been to the *779 generality of the description. The Court do not say that a return which omits to state the particular interest of the defendant, is for that reason void. The question was, whether a return so uncertain was a sufficient note or memorandum in writing to take the case out of the statute of frauds, and the Court thought it too uncertain for that purpose, construing it by the rule applicable to deeds ; and this was all that the Court decided on that question.
By the laws of this State, a fieri facias may be levied on the land as well as the personal property of the defendant, the officer being bound to take personal property in preference to land, if it is tendered. This establishes the general rule, that all the defendant’s land may be sold. To this rule there may be exceptions, and if land or an interest therein has been sold and conveyed by deed in fee sample, which was not liable to such sale, and therefore constitutes an exception to the general rule, it lies with the defendant who resists the validity of the sale, to show that the defendant had not such an interest as could be sold ; the ownership of the defendant being of course first established by the purchaser. The sheriff in this instance returned, that he had levied on certain town lots, particularly describing them which he had sold. By this it is to be understood that he sold the fee simple, and his deed is to that effect. We think then, that by the return, and also by the deed, it does appear what interest was sold.
Third. That it did not appear by the levy and the deed that the corporation had such a title as could pass by the sheriff’s deed. This objection we answer by repeating, that from the return it is to be understood, that the fee simple was sold. If the corporation had a less estate, then the purchaser gets only the interest of the corporation. The ownership was traced to the corporation ; if it had only such an interest as could not be sold under the execution, then it devolved on the defendant to show it, and thus to defeat the sale. It does appear affirmatively, from the deed, that the sheriff sold the fee simple.
It is not necessary to determine whether the purchaser takes an interest of greater duration than the existence of the corporation ; he is certainly entitled to whatever interest the corporation may have had, if it was the subject of sale.
*780 Fourth., The last objection, that under the circumstances no valid sale was made, and that the purchaser acquired no title, is fully answered by the preceding remarks ; and we are of opinion that the Court erred in excluding the deeds, and that the judgment must be reversed, and the cause remanded.